IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DERWIN RENWICK MCWAINE                                         PETITIONER

vs.                                                NO.: 4:98cr22-GHD-JMV-1

UNITED STATES OF AMERICA                                       RESPONDENT

MEMORANDUM OPINION

This matter comes before the Court on Petitioner's 28 U.S.C. § 2255 motion to vacate, set aside, or correct the sentences imposed on him by the Court's March 30, 2001 judgment, as later modified by the Fifth Circuit Court of Appeals. (*See* doc. entry no. 183). The Government has filed a response to the motion, and Petitioner has filed a reply thereto. This matter is now ripe for the Court's consideration.

Petitioner was tried and convicted of various violations of federal gun and drug offenses in August 1998. An appeal followed, and the Fifth Circuit Court of Appeals ultimately remanded his case to this Court for re-sentencing in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Petitioner was re-sentenced on March 30, 2001 to a term of imprisonment of fifty years, followed by five years of supervised release, and a $900 assessment for each count of conviction. (*See* doc. no. 130). On appeal, the Fifth Circuit affirmed Petitioner's sentence and affirmed as modified his term of supervised release. *United States v. McWaine*, 290 F.3d 269 (5th Cir. 2002).[1]

Petitioner subsequently filed what he characterized as motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3), and which this Court construed as a 28

---

[1] The Fifth Circuit modified Petitioner's term of supervised release for Count 1 to three years. *See id.* at 277.

U.S.C. § 2255 motion to vacate, amend, or alter his sentence. The Court denied Petitioner's § 2255 motion on November 13, 2006, finding that it was successively filed without the proper permission, and that it was otherwise without merit. *See McWaine v. United States*, Cause No. 4:98CR022-GHD, 2006 WL 3307472 (N.D. Miss. 2006). The Court also denied Petitioner a certificate of appealability. (*See* doc. entry no. 166). On appeal, the Fifth Circuit Court denied Petitioner a certificate of appealability as to the district court's resolution that his motion was a successive § 2255 motion. *United States v. McWaine*, Cause No. 07-60021 (5th Cir. August 7, 2007) (*see* doc. entry no. 173).

The instant § 2255 motion raises complaints about the legality of Petitioner's sentence that could have been raised in his previous motion, and it challenges the same judgment that was considered by the Court in its resolution of the prior motion. The pending motion is successive, and this Court cannot consider it until Petitioner obtains authorization to proceed from the Fifth Circuit. *See Magwood v. Patterson*, ___ U.S. ___, 130 S. Ct. 2788, 2796 (2010) (holding that a petition is successive when it presents a claim "that was or could have been raised in an earlier petition"); *In re Lampton*, 667 F.3d 585, 587-88 (5th Cir. 2012) (finding that the bar on second or successive petitions applies when a later petition challenges the same judgment as an earlier petition); *see also* § 2255(h). Therefore, the Court dismisses the instant motion for lack of jurisdiction. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

### Certificate of Appealability

Petitioner must obtain a certificate of appealability ("COA") before appealing this Court's decision denying federal habeas relief. 28 U.S.C. § 2253(c)(1). While Petitioner has not filed a notice of appeal in this action, the Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, Rules Governing Section 2255

Proceedings for the United States District Courts. A COA will not issue unless Petitioner makes "a substantial showing of the denial of a constitutional right" of any claim rejected on its merits, which Petitioner may do by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This requires the petitioner to demonstrate that it is debatable among reasonable jurists that the motion should have been resolved differently, or that the issues presented deserve encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002).

To obtain a COA on a claim that has been rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Applying the above standards to Petitioner's claims, the Court concludes that reasonable jurists could not debate the Court's resolution, and that the issues presented do not deserve further encouragement. Accordingly, the Court finds that Petitioner is not entitled to a COA as to his claims.

## Conclusion

The instant motion will be dismissed for lack of jurisdiction, and a COA will not issue. A separate judgment in accordance with this memorandum opinion will issue this day.

THIS the 6th day of August, 2012.

**SENIOR JUDGE**